## JACOB RAPP ET AL. v. W. R. CRAWFORD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF VENANGO COUNTY.

Argued October 8, 1891—Decided January 4, 1892.

If the real owner of a judgment in the name of another as the plaintiff on
the record, have execution issued and property sold thereon as the
property of the judgment defendant, he will thereby be estopped from
setting up afterward that the defendant had no title to the property
when it was so sold.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 262 October Term 1891, Sup. Ct.; court below, No. 93
August Term 1888, C. P.

To the number and term of the court below, an appeal was
entered from the judgment of a justice of the peace in favor of
Jacob Rapp and Nelson Brandon, partners as Rapp and Bran-
don, against W. R. Crawford, sheriff of Venango county. The
defendant pleaded, not guilty.

At the trial, on January 17, 1891, the case presented by the
testimony was in substance as follows :

In March, 1888, James Meehan, leased a boiler to James N.
Wilson, or sold it, with the condition that the title should re-
main in Meehan until a certain sum should be paid in rentals.
Afterwards, Wilson wished to sell the boiler, and on March 24,
1888, he and Meehan went to a bank, where Wilson paid Mee-
han fifty dollars in cash, and for the balance due on the
boiler, to wit, one hundred and ninety-five dollars, Wilson made
his note at ninety days to the bank which Meehan signed as
surety; and this note was discounted by the bank and the
proceeds paid to Meehan. At the same time, Meehan gave to
Wilson a receipt for the fifty dollars and the note, "in full for
boiler." The note so given contained a warrant of attorney
to confess judgment, and judgment was entered thereon on
June 23, 1888.

In the meantime, to wit, on March 30, 1888, the plaintiffs,

Charge of Court below.

after inquiry of Meehan and being told that the latter had sold the boiler to Wilson, bought the boiler from Wilson and paid for it, Wilson at the time showing the receipt for the cash and note given on March 24th. Afterward, the note for one hundred and ninety-five dollars, held by the bank, was paid by Meehan. Just when he paid it did not appear in the testimony. At all events, upon an execution issued upon the judgment as it was entered, the boiler was levied upon, and on July 21, 1888, was sold by the sheriff, the defendant herein, and knocked down to Meehan for seventeen dollars.

The defence was made that, when the cash and note were delivered to Meehan and the receipt to Wilson, on March 24, 1888, there was a parol contemporaneous agreement that the title to the boiler was still to remain in Meehan until the note was paid by Wilson, of which agreement the plaintiffs herein had notice; and in support of this allegation, the defendant offered to prove by Blakeley, the cashier of the bank who was present at the time, that Brandon, one of the plaintiffs, came to the bank a few days after the transaction referred to, inquired whether Wilson could sell the boiler or not, and was told of said condition, that Wilson could not sell the boiler until he paid the note, and was warned not to buy it. The offers being objected to, were refused; exceptions.[1] [2]

At the close of the testimony, the court, TAYLOR, P. J., charged the jury in part as follows:

The plaintiffs bring this action to recover damages they allege they have sustained by reason of the sale of a certain boiler, sold by order of the defendant as the property of one Wilson, and purchased by Mr. Meehan, the defendant. It is an action brought against the sheriff to recover for the selling of this property. The sheriff probably has no interest in the result, because he has undoubtedly been indemnified, and it makes no difference to him what the verdict may be here. And the defendant claims now, upon this trial, that the property sold as the property of Wilson was not the property of Wilson; that at that time it had been conditionally sold to Wilson; that no title was to pass until after a certain note had been paid, and that note not having been paid, therefore the title remained in Meehan all the time.

Opinion of the Court.

[In our opinion, Meehan, having entered judgment and sold the property as the property of Wilson at a public sale, and bought it in as Wilson's property, is now estopped from setting up in this action that it was not Wilson's property.] [3]

The usual rule is that the title to personal property passes on the payment of the purchase price or the delivery of the possession. But men may make conditional sales; they may agree between themselves that the title to property shall not pass until certain conditions are performed, and that is binding between themselves, and binding, too, upon other parties who have notice of such limitation or conditional sale, but not parties who have not had notice of it.

But we think here, in this case, [Mr. Meehan having treated the property as Wilson's and sold it as Wilson's, cannot now come in and say it was not Wilson's, and that it belonged to him all the time. He cannot play fast and loose; he cannot now say that it belonged to him all the time, which would be in effect what he would do, if he were allowed now to come in and defend on the ground that the property did not belong to Wilson.] [4]

The question then for you is what damage, if anything, has the plaintiff sustained by reason of this sale of the property by the sheriff? . . . . .

—The jury returned a verdict for the plaintiffs for $201.25. Judgment having been entered, the defendant took this appeal, assigning for error:

1, 2. The refusal of the defendant's offers.[1] [2]

3, 4. The portions of the charge embraced in [ ] [3] [4]

*Mr. W. J. Breene*, for the appellant.

*Mr. J. S. Carmichael* (with him *Mr. R. W. Dunn*), for the appellees.

OPINION, MR. JUSTICE STERRETT:

The appellant practically concedes that the levy made by virtue of the execution on the judgment against J. N. Wilson, implied an assertion by plaintiff that the title to the property levied was in the defendant. The sole purpose for which it could have been used was the collection of the judgment, and

its issuance would have been vain and useless without title in the defendant. The implication is so much the stronger when the plaintiff was the vendor, and the levy is made for the purpose of enforcing the collection of the purchase money of the property levied upon ; his levy is upon a full knowledge of the facts.

It is obviously immaterial that James Meehan was not named as plaintiff on the record. If he was the real owner of the judgment, the levy was his act and for his benefit, and he is thereby estopped from denying that the title to the property levied upon was in Wilson or those claiming under him. That he was the real owner, was testified by the nominal plaintiff and was uncontradicted. The rulings of the court were therefore right, and the judgment should not be disturbed.

Judgment affirmed.